UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Desmon Desmond Burks,                              Crim. No. 11-369(4) (PAM/FLN)

Petitioner,

v.                                          **MEMORANDUM AND ORDER**

United States of America,

Respondent.

---

This matter is before the Court on Petitioner Desmon Desmond Burks's Motion to Vacate under 28 U.S.C. § 2255.  For the reasons that follow, the Motion is denied.

**BACKGROUND**

On September 6, 2012, after a lengthy trial, a jury convicted Burks of multiple counts of conspiring to commit bank fraud, aiding and abetting bank fraud, and aggravated identity theft.  (Docket No. 584.)  On August 14, 2013, this Court sentenced Burks to a 276-month term of imprisonment, to be followed by a 24-month term of imprisonment.  (Docket No. 959.)

Burks appealed, and his appeal was consolidated with the appeals of his co-Defendants.  Burks argued on appeal that the evidence was insufficient to convict him of bank fraud because he only intended to defraud retail establishments, not financial institutions, that the Court's instructions to the jury were erroneous, and that his sentence was substantively unreasonable.  The Eighth Circuit affirmed, finding specifically that "[t]he evidence was sufficient to permit the jury to infer the intent to defraud banks that Burks claims is lacking." United States v. Maxwell, 778 F.3d 719, 728 (8th Cir. 2015).  Burks then

timely filed this § 2255 Motion.

The Motion argues only that Burks's counsel was ineffective for failing to request a jury instruction regarding intent to commit bank fraud, as opposed to retail-establishment fraud.

## DISCUSSION

To prove ineffective assistance of counsel, Burks must show that: "(1) his counsel so grievously erred as to not function as the counsel guaranteed by the Sixth Amendment; and (2) his counsel's deficient performance prejudiced his defense." United States v. Auman, 67 F.3d 157, 162 (8th Cir. 1995) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)). The performance prong of the effective-assistance inquiry requires a showing "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. "Prejudice" requires a reasonable probability that the result of the proceeding would have been different but for counsel's errors. York v. Lockhart, 856 F.2d 61, 63 (8th Cir. 1988).

Burks argues that there were two separate schemes in the conspiracy involved in this case. One scheme was to defraud banks, and the other was to defraud retail establishments. He insists that he did not participate in the scheme to defraud banks, but only intended to defraud stores. Thus, he argued at trial, and argues here, that his conduct did not violate federal law. His claim in this Motion is that his attorney was ineffective because he did not request an instruction regarding intent to defraud a bank.

But as the Government notes, Burks's counsel did request, and the jury was instructed, that a conviction under § 1344(1) requires intent to defraud a bank.  Even with this instruction, the jury convicted Burks on all counts.  And this is not surprising, because despite Burks's insistence that he only intended to defraud stores, the evidence at trial established that Burks himself engaged in split deposits at banks, in which he would cash a fraudulent check at a bank, depositing some of the proceeds and keeping some of the proceeds as cash.  This conduct is undoubtedly bank fraud under any definition of the term.

In his reply, Burks contends that his counsel should have requested that the Court instruct the jury on his theory of defense, that he did not have the requisite intent to defraud a bank.  But even if it was somehow below the standard of reasonableness for his counsel to not request a theory-of-defense instruction, Burks cannot establish the second prong of the Strickland test, that this alleged error prejudiced him.  Not only did the evidence establish Burks's intent to defraud banks, but his theory of defense is not a correct statement of the law, as he recognizes.  See Loughrin v. United States, 134 S. Ct. 2384 (2014).[1]

The Court need not hold an evidentiary hearing on Burks's claims if his allegations, taken as true, entitle him to no relief or if his allegations are contradicted by the record. Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006).  Because Burks's allegations, even if true, do not entitle him to any relief, the Court declines to hold an evidentiary hearing.

---

[1] Although Loughrin was decided after Burks's trial, it did not announce a new rule but merely clarified that the bank-fraud statute means what it says: bank fraud may be accomplished with intent to defraud a bank or with intent to obtain money that is in the control of a bank.  18 U.S.C. § 1344(1)-(2).

Finally, in order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(1)(B). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has considered whether the issuance of a certificate is appropriate, and finds that no issue raised is "debatable among reasonable jurists." <u>Fleiger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing <u>Lozada v. Deeds</u>, 498 U.S. 430, 432 (1991) (per curiam)). Accordingly, the Court declines to issue a certificate of appealability.

**CONCLUSION**

Burks has failed to establish that his counsel's performance was constitutionally deficient. He is not entitled to an evidentiary hearing on his claims, and no certificate of appealability will issue.

Accordingly, **IT IS HEREBY ORDERED** that Burks's Motion to Vacate (Docket No. 1056) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>Thursday, June 16, 2016</u>

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge
