UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 11-369(4) (PAM/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| Desmon Demond Burks, | |
| Defendant. | |

This matter is before the Court on Defendant Desmon Demond Burks's Motions to modify his sentence under the First Step Act.[1]  Burks asserts that he has health conditions that make him susceptible to complications from COVID-19 and asks the Court to order the BOP to release him to supervised release.  For the following reasons, the Court denies the Motion.

**BACKGROUND**

In 2012, a jury convicted Burks for his role in a wide-ranging bank fraud and identity-theft ring.  Burks was one of the leaders of the conspiracy that was responsible nearly $2 million in losses to financial institutions and retail establishments.  The Court ultimately sentenced Burks to 252 months' imprisonment.  To date, he has served 110 months, or approximately 50 percent of that sentence.  He is currently incarcerated at USP Victorville in Adelanto, California.

---

[1] Burks filed two Motions for Compassionate Release pro se.  (Docket Nos. 1356, 1378.)  The Court thereafter appointed counsel (Docket No. 1380), and counsel filed a third Motion.  (Docket No. 1383.)

**DISCUSSION**

The First Step Act allows the Court to order a defendant's release for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).  Such reasons include a terminal illness, "a serious physical or medical condition," or other condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).  Burks contends that he is at higher risk of severe complications from COVID-19 because he is obese, and also suffers from asthma, hyperlipidemia, sleep apnea, hypertension, and depression.  He also claims to have a history of positive tuberculosis tests and an enlarged heart.

In July 2020, Burks submitted a request for compassionate release to the Warden of the facility at which he was then incarcerated.  That Warden did not rule on the request.  Because more than 30 days have passed, he has sufficiently exhausted available administrative remedies under the First Step Act, and this Court has jurisdiction to consider his Motion.  See 18 U.S.C. § 3582(c)(1)(A).  According to the BOP, there are currently six active cases of COVID-19 among the inmates at USP Victorville, and ten active cases among staff.  Federal Bureau of Prisons, COVID-19 Inmate Test Information, https://www.bop. gov/coronavirus/ (last visited Apr. 7, 2021).  The record also reflects that Burks has received one dose of the Moderna COVID-19 vaccine and is scheduled for his second dose of that vaccine in a matter of days.  (Docket No. 1394.)

There is no medical evidence in the record that Burks suffers from hypertension or that he has an enlarged heart.  Nor has he established any complications from his positive tuberculosis tests, and as the Government notes he recently declined any treatment related

2

to those tests. Individuals suffering from obesity and asthma, however, may be at increased risk of severe complications from COVID-19. See Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), People of Any Age with Underlying Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 7, 2021). While the record does not establish that Burks's asthma is moderate or severe, that condition combined with his mental-health issues, sleep apnea, and obesity could constitute "extraordinary and compelling" circumstances to support compassionate release.

However, the First Step Act provides for an inmate's release when he has health conditions that "substantially diminish" his ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Burks has received one dose of a highly effective vaccine and is poised to receive a second dose. This vaccine has proved to be more than 90 percent effective at preventing COVID-19 infections and is nearly 100 percent effective at preventing severe infections and hospitalizations. Burks's claim that the vaccine may offer less protection to obese individuals is purely speculative, as is his contention that there is a small chance that he may be infected regardless of the vaccine. Given Burks's vaccination status, his health conditions do not diminish his ability to care for himself.

Moreover, the Court must consider the sentencing factors under 18 U.S.C. § 3553(a) in determining whether compassionate release is warranted. Burks has served only approximately half of his sentence, and the offense conduct was especially egregious. Releasing Burks now would create unwarranted sentencing disparities with other

3

individuals who commit similarly serious crimes and would not serve the purposes of sentencing. And as the Government points out, although Burks's criminal history does not include many violent crimes, the instant crime was not victimless, and the large gaps in Burks's criminal history are a result of him being incarcerated rather than law-abiding. Burks has failed to establish that "extraordinary and compelling reasons" mandate the Court's reconsideration of his sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motions for Compassionate Release from Custody (Docket Nos. 1356, 1378, 1383) are **DENIED**.

Date: <u>Wednesday, April 7, 2021</u>

<u>*s/ Paul A. Magnuson*</u>
Paul A. Magnuson
United States District Court Judge